4, 6, 5, US Bank v. Safina Mbazira May it please the Court, Jason Monique is on behalf of US Bank in this capacity as trustee. There are two critical points I would like to make to the Court this morning. The first one, and it's in the underlying bankruptcy decision by Judge Hillman, is a reference to In Re Giroux, a Justice Feeney decision. It's at, I believe, footnote 19. The Giroux decision was the seminal case in which Judge Feeney attempted to predict what the SJC would determine when faced with a defective Certificate of Acknowledgement. From there was the Bauer decision, which was a Judge Hillman decision. Their progeny, and it leads us to today, the Mbazira decision, also by Judge Hillman. And all of those decisions adopt the same logic. Today I'm asking the Court to overturn that logic and determine that that is bad law. The second point I'd like to make today is that in the event this Court does adopt the reasoning in Giroux, that that reasoning should be limited to recorded land only and should not be applied to the registered land system, the torrent system here in Massachusetts, because doing so would have drastic effects. I'd like to start briefly, and I know that Justices Thompson and Justice Howard were on the panel that certified questions to the Supreme Judicial Court in Bank of America v. Casey decided last year. I think that case is important because it dispels a critical notion that is the basis, one of the linchpins in Giroux, Bauer, and Mbazira, the case we're here for today. And understand what occurred in Giroux, Bauer, and Mbazira, all of these cases that involve the omission of a mortgager's name and a Certificate of Acknowledgement. There was a rationale that the Court relied on. And, in fact, in Mbazira, Judge Hillman in this particular case that's under review commented that once this document has a defective Certificate of Acknowledgement, it is a nullity and outside the chain of title. Therefore, while the document may be valid in certain respects, it can't provide constructive notice because it's never in the chain of title. The Supreme Judicial Court in Casey specifically quoted that provision from Judge Hillman and said, we disagree. And why is that important? It's important because the Supreme Judicial Court has been consistent throughout more than a century that what is critical is the acknowledgement of a document, not necessarily the Certificate of Acknowledgement. And understand, and I believe it's axiomatic, it's outlined in the briefs, and it's been confirmed by the SJC and McQuad, has said very clearly that these are two different things. On the one hand, we have an acknowledgement. This is an act by the grantor themselves. This is an act where they confirm that the instrument was their free act indeed. They've acknowledged it, that it's actually duly their signature. Then we have the second part, a Certificate of Acknowledgement. The Supreme Judicial Court has said this is only evidentiary. This is a ministerial act. This is the function of a notary. And the reason this was adopted more than a century ago was to prevent errors and forgeries in the land records in Massachusetts. And when you go back in time to ensure that before something became a record, they were requiring a person to appear before a notary or other officer and certify that that was in fact their signature. So you have four seminal cases in Massachusetts over the years. You have the Allen v. Allen, McQuad v. McQuad. You have the Graves decision from 1856 and the Dole v. Thoreau decision from 1846. All four of those decisions examined an instrument that was on recorded land, reviewed it, and all four of those conducted an evidentiary process in which they determined, notwithstanding a facially correct Certificate of Acknowledgement and the recording of the document, that the grantor had not actually acknowledged it. And in those circumstances where there was no actual acknowledgement, where the document was not the free act, indeed, of the signer, the Court said at that point it could not provide constructive notice. So fast forward more than a century. The issue comes before Judge Feeney in bankruptcy and Jarrell, the predecessor to Mvazira. And she says, well, there's no dispute, and there isn't in this case, as to whether it was actually acknowledged by the grantor. It's just that certificate that allows for the document to be put on record has an error in it. So we now know the SJC has said, well, that's evidentiary. We know the SJC says if there's an issue with that and you don't think it was actually acknowledged, you could attack it. But rather than conducting a hearing, an evidentiary process, to determine whether or not it was acknowledged, which I believe would be the correct standard, the Court simply said on its face it has a defect and therefore it should not have been recorded and can't provide constructive notice. We believe that holding is an error. We believe that is a misinterpretation. If you're correct, Casey was just an unnecessary frolic. They didn't need to file the affidavit. Because what you're saying is even without the affidavit, the defect was not a material defect. I am saying, yes, that is correct. And the critical distinction is in Casey. And then how do you then deal with the fact that in Casey they said, a mortgage recorded with an acknowledgement that contains a material defect is not properly recorded and does not provide constructive notice of the mortgage? It's a great question, Your Honor. It's a great question. In Casey, the First Circuit assumed, as it had to, that there was a material defect, that the failure to put the omission of the mortgager's name was a material defect that caused the document incapable of being recorded. They found this Court asked at the hearing whether there was an issue about acknowledgement. The party said no, but ultimately they never preserved the issue of whether there was a defect. It hadn't been raised below. It hadn't been briefed. It hadn't been argued before this Court. So one of the foundational building blocks for Casey was that the Supreme Judicial Court had its hands tied and was forced to assume that there was a material defect that could prevent this from being recorded. They were only asked whether it could be cured by 5B. In the certified question number two, there's a reference to the acknowledgement and then the certificate of acknowledgement, and I believe it's a capital C and an A by the Court. The provision you're reading from, Your Honor, the Supreme Judicial Court regurgitates the question, I believe, in that paragraph and references the acknowledgement and then in the question, instead of putting certificate of acknowledgement, uses again the phrase acknowledgement. So I believe it's clear from that paragraph when you read it and the question, the presumption before the Court, that they were referring to the acknowledgement in that case. But weren't they, what they're saying is they assumed, you're correct, they assumed that the omission of the names is a material defect. Fair enough. They said that twice. But then they said later on in their answer, not in the form of an assumption, but rather their answer to us, that a mortgage recorded with an acknowledgement that contains a material defect does not provide constructive notice. So it would seem to me the only issue that that leaves open is the narrow thing they assumed, which is the absence of a name is a material defect. I would respectfully disagree when you read that provision. I believe they cite to the Graves case themselves and the Allen decision, which do discuss an acknowledgement, not a certificate of acknowledgement. And I believe in that subparagraph B, question 2, where they regurgitate the question, they say, attesting to the proper acknowledgement of a previously recorded mortgage accompanied by an acknowledgement that omitted. So that reference to acknowledgement, the second reference there is the certificate they're discussing. And I agree that that is, from my perspective, a bit inartful, but I believe that's the reference because there's no, they clearly said there are two different concepts. So do you claim that under Massachusetts law, a certificate of acknowledgement that has a material defect is effective as against third parties without notice? Could you repeat that, Your Honor? Sure. Let's assume we have a certificate of acknowledgement that does have a material defect. That's correct. Put to one side for a moment what is a material defect. Assume there is a material defect. Are you claiming that the recording of that is still sufficient to give constructive notice to third parties without actual notice? I am, Your Honor. And what's the basis for that? What Massachusetts case would stand for what seems to be the opposite of what they said in Casey? Well, there's been no Supreme Judicial Court case that said that a certificate with a defect doesn't provide constructive notice. So why even file, it seems it would logically follow then, if even a materially defective certificate of acknowledgement does not defeat the notice to the third parties, why bother to file any certificate of acknowledgement at all? It seems that would be the logic that you're taking us towards. Well, on the registered side, and I want to be mindful of my answer to your question. On the recorded side, if the document has been registered, my position is in that situation where it's been registered and has a certificate, even though it may have a material defect, that the party can come in just as they could under footnote 23 in Casey. Suppose no one signed it. If it's there and it's accepted, then a party can come in. Suppose no one signed it. At some point, if there's such a flaw in it, then I would... Okay, so if we have a big material defect, it's ineffective. But if we have a small material defect, it's not ineffective. No, Your Honor, my position would be that if there's no certificate of acknowledgement... No, but there is one. It just isn't signed by the notary or the mortgagor. My position would be you should still give it constructive knowledge. It's there. It can be seen by a party. And just like in Graves, Allen, McQuad, and as Casey says, you can then come in and challenge it. And I would like to make one point, if permitted by the court, on the registered side. Yes. If I may, Your Honor, very briefly. So the Land Registration Act is a separate scheme, and it's in our briefs as to title being, you know, indefeasible and it's quite a title and the whole concept of a certificate of title, the fact that a transfer and original certificate are one and the same, and that they can't be looked behind. In this very case, if this ruling were applied to registered land, it would have drastic consequences. And what I mean by that is in Casey, the Supreme Judicial Court said that under 183.5b, you can go ahead and cure these defects. But that section 5b affidavit does not apply to registered land. They've also said that the statute of proposed 184.24, where after 10 years, a certificate of acknowledgment or a defective acknowledgment can be cured after 10 years on the recorded side, those don't apply to registered land either. So the SGC has been very clear that you can go cure these because it's evidentiary of nature, but they don't apply to the registered side. So a party goes through the entire registration process, has all the protections of the Land Registration Act, and ultimately ends up with less rights than those parties on the recorded side. We believe that would defy logic. And, in fact, in this case, one very final point, if you look to the appendix in this case, you'll see the dean to embezzler herself. Because I was curious as to what impact this would have. Under 9370 of the general laws, a party can, an attorney certifying title, just has to look back to that last certificate of title. So what if this court upholds Jarreau's logic and allows people on the registered side to start looking behind those instruments, deeds and mortgages? What would happen? Well, in this very case, at page 52 and 53, you see a deed from the Rotolos to embezzler. And you'll see the certificate of acknowledgment on page 53 of the appendix. And it doesn't say that it's the free act or the voluntary act of the Rotolos. Under the Resnickhoff and Schubert cases, which were bankruptcy cases that relied on the Jarreau logic and one went up to Justice Burroughs here in the United States District Court, they adopted the same logic and said, well, it's a material defect. It doesn't have the acknowledgment on it because it doesn't say it's the free act or the voluntary act of the grantor. Therefore, it can't provide constructive notice. So if the logic applies on the registered side, and we say that it should not and that that is protected, then embezzler's own deed is subject to challenge by the Rotolos. So now we have a series of... This isn't about a direct challenge between purchasers and sellers. This is about whether third-party, bona fide purchasers would have constructive notice. Excellent point, Your Honor. If the Rotolos file bankruptcy, their trustee will step in just like embezzlers. They'll argue they're a debtor in possession and entitled to it, that they're not bound by actual notice, that they're not the actual grantor themselves. They're the trustee. And at that point in time, they would say there's a defect here. And now they've looked behind that certificate of title and the property would be theirs. It's no different than if a party had transferred the property three times and there were multiple chains of title. And at some point years later, a party looks at the certificate of acknowledgement for a prior deed or mortgage after foreclosure and says, sorry, I know it's registered land and there have been a series of titles, transfer certificates, all of which the court has said can't be violated, but the Rotolos themselves are in bankruptcy or have transferred it to a third party who didn't have actual knowledge. They would be able to defeat it. So by applying this to registered land, you not only give those registered landholders less rights when the entire complicated process of certifying their title should give them more rights. You would give them less rights. And you would also change under 9370 how title is certified in Massachusetts. You would allow people to look back to different certificates of title. And we believe that that would be a misapplication of law. And that is what we suggest would destroy the torrent system. The whole point of the torrent system is you have to look back to the last certificate of title under 9370. That's all you need to look at. There are exceptions for fraud or forgery. Haven't there been legislative corrections so that this is going to be pretty boot-zoomed? I am not aware that there's a legislative correction to this, Your Honor. What I am aware of is that under Section 58 of the Land Registration Act, which is the way that the trustees have said, well, all the recording standards apply on the registered side, I would say that that's not the reading of Section 58. Section 58 is an affirmative statement because it's envisioned that there are documents that could be put on record. And since the Land Registration Act doesn't envision all of those, it says that if we accept one of those for registration, if the land court accepts it, this is a judicial process when you're talking about registered land, if they accept it, it will then be noticed. So as an example, the party in Massachusetts can obtain what's called a dispendence, notice to the world that they have a claim of right, title, or interest. They can go record that on the recorded side, giving everyone notice. The land court under 58 is saying, well, we can take that document, and if we do, and if we accept it for registration, it will then provide notice just like everything else. But the notion that the Land Registration Act under Section 58 has adopted all of the standards for recorded land, we believe is whimsical. It's clear that it doesn't adopt 5B, which is the affidavit to curate. It doesn't invoke Section 24, the statute of repose. So the reason it doesn't do that is the legislature understood that when you have registered land titles certified and insured by the Commonwealth, that you don't need to look behind them, and you can't with very limited exceptions, such as forgery or fraud. Thank you, Your Honor. I appreciate your time. Good morning, Chief Judge Howard and the panel. May it please the panel. My name is David Baker. I'm here on behalf of Safina Bezzera. There's not much I need to say. I think the Bankruptcy Court and the District Court did yeoman jobs in analyzing the perhaps sometimes unclear statutory provisions at issue here. The Massachusetts legislature is famous for run-on sentences and its statutory creations. But once you parse it out, it's really very clear. And I think there are two points that I want to emphasize. Firstly, as I cited in my brief on page 8, I would like to quote just a short part of a case. The quote said, Nonetheless, with certain limited but important distinctions, such as those just noted, registered land is to be treated in the same manner and according to the same legal doctrines that apply to recorded land. And they refer to Chapter 185, Section 77 of the general laws. The case is Hickey v. Pathways Association, a 2015 case. So I don't really see that there's any disagreement. However vague the Supreme Judicial Court may have been in Casey. But there is a material defect here. I just don't see that there's any real question about that. On that one, whether the omission of a name is a material defect was not decided in Casey. They assumed that the omission of a name was a material defect, as we asked them to do. That's true. So if we don't have it in Casey, is there any decision in the SJC that directly holds that the omission of the name and that spot would be a material defect? If there isn't, what reasoning would you point us to that would more or less actually lead us to that conclusion? Well, I start back with this Hickey v. Pathways Association. There's plenty of case laws my colleague has cited that says that it's a material defect in a recorded document. Here we have the SJC saying that the same standards apply on the registered side. So ultimately, the Supreme Judicial Court has repeatedly said statutory provisions relating to mortgages and deeds and so on must be strictly complied with. In the context of foreclosure, we saw that in the Ibanez decision, where they said that if you're not the mortgagee of record, you can't foreclose strictly. The SJC also said in the Pinty case that the foreclosing mortgagee must comply strictly with paragraph 22 of the mortgage in terms of the notices that the foreclosing mortgagee must get. So here we have a statutory provision that says that a document to be recorded or registered must have a certificate of acknowledgement. It doesn't have to be in a specific form, but it has to have certain elements. It has to have an evidentiary quality, again, as my colleague has said. Without the name of the person who appeared before a notary in the certificate of acknowledgement, it's just plain defective. It can't enjoy any evidentiary presumption. The other point I want to emphasize is that what we have here is a Chapter 11 individual who is what the Bankruptcy Code refers to as a debtor in possession. Debtors in possession in Chapter 11 have the same rights and responsibilities as trustees in a Chapter 7 case. So references in briefs to debtor are really missing the point. Ms. Mazura, even if she were to admit that she acknowledged it as an evidentiary matter, it makes no difference because she's a debtor in possession. She has rights. This is effectively a battle between the secured and unsecured creditors of the debtor, is it not? I'm sorry, say again? Isn't this effectively a battle between the secured and unsecured creditors? In other words, the bank wants to hold on to secured status when it comes to the disposition of the assets of the estate, whereas under the holding that's being challenged, it's lost its secured status and the funds all become available for unsecured creditors, such as other banks that have credit card debt. You could look at it that way. I hadn't considered that point, but yes, it's true that if this court affirms that the bank becomes an unsecured creditor, but the mortgage continues to exist. It's just that it's owned by the bankruptcy estate. Which therefore means that if the house is sold, that those assets become available to all unsecured administrative clients and all unsecured creditors? Yes, yes. So this is sort of a battle between the bank that holds the mortgage and the banks that hold the other debt? Yes, I think that's a fair observation. And of course, unsecured creditors don't want the pool of the pot of money that would be available for them to be diminished by adding the unsecured mortgage amount to it. The district court noted that this material defect argument wasn't raised by the bank in the bankruptcy court. Are you conceding that it was? And is this preserved? No, I was reading the answer to the complaint last night, and I believe in one paragraph of the complaint, they admitted that it was a material defect. I'd have to go back and find that exact paragraph. But did they argue it? I don't believe they did. I don't believe they did. Whether that's because my colleague's predecessor had a different view of the facts of the law at that time, I can't say, but you're correct. I don't think it was effectively argued in the bankruptcy court. I'm trying to figure out if you're pressing waiver. No. No, I don't think I need to. I think it's, as a matter of law, it's so abundantly clear that it is a defective mortgage. I think the SJC's decision in the Hickey case was in the case that the recorded and registered documents are to be treated the same. I think the question was whether you need waiver. You obviously claim that you don't. But I think the question is whether you need it. My question was, did they raise it below in order to preserve it? What's your position on that? Oh, I see. No, I don't think they effectively raised it below. So, again, just to summarize, we have the debtor and we have the debtor in possession. What Ms. Mazur knew herself is completely irrelevant because a debtor in possession, like a Chapter 7 trustee, is a hypothetical good faith purchaser for value without notice, even if he had some sort of form of actual notice. So, with that said, I don't need to say too much to add to what the bankruptcy court and district court said. They got it right. They should be affirmed. Thank you. All right. Thank you both.